# McCusker v. Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—" Stop, look and listen "—Grade crossings.*

In an action against a railroad company to recover damages for personal injuries sustained at a grade crossing in a city, the case is for the jury where the evidence for the plaintiff, although contradicted in important particulars tends to show that the accident occurred on a very dark, drizzling, foggy night; that an object could be seen but a very short distance; that a light shifting engine, without cars, was running backward at a rapid speed without any light on the tank; that no signal of its approach to the crossing was given by a bell or whistle; that the plaintiff approached the crossing with the greatest care, walking in an ordinary gait, and stopping, looking, and listening at proper places; that he continued his precautions until the locomotive was upon him, and that he did not hear the sound of the approaching locomotive until it was within six or seven feet from him.

In an action to recover damages for personal injuries where it appears

that the plaintiff suffered injuries in a second accident after the one for which suit was brought, a portion of the charge reciting certain evidence as to a claim on account of the second accident cannot be alleged as error, where the trial judge immediately afterwards states in his charge that the evidence is too vague to be considered, and instructs the jury not to consider it, but also instructs the jury that it is for them to determine whether the condition of the plaintiff at the time of the trial was due to the later accident.

Argued Jan. 9, 1901.   Appeal, No. 135, Jan. T., 1900, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1898, No. 784, on verdict for plaintiff in case of John McCusker v. Pennsylvania Railroad Company.   Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ.   Affirmed.

Trespass for personal injuries.   Before Wiltbank, J.
The facts are fully stated in the opinion of the Supreme Court.

The court charged in part as follows :
[You are to consider whether the present condition of the plaintiff is due to the later accident and not to the earlier accident. I will have to leave that to you.   The testimony in regard to the accident at the building on Haverford avenue is not as precise and satisfactory as it should be in an investigation of this sort.   It appears that Mr. McCusker was about to carry a hod of lime or mortar from the first floor of the building to the second floor, and that with one foot on a step, which was the second from the first floor, he put the other on the third step, and that the third step gave way under him and he fell.   He himself testified that he did not fall, it was not much of a fall, but he was apparently thrown from his position.   He said he had his foot on the lower step and caught himself in that way. Some evidence has been produced to show that that was a serious accident, and that it prevented his working for a while.   You will remember that.   It has been stated by Mr. Roney, who was in charge of the greater part of that work, that he was called upon by a woman who said she was Mr McCusker's wife, and who wanted to know what he was going to do by way of compensating Mr. McCusker for that injury ; but the evidence on that head is so vague that I am bound to instruct you that

you cannot found upon it any fact with which to charge either one of these parties one way or the other. I do not see that it would justify your concluding that Mr. McCusker was hurt there, or that that hurt produced the symptoms which are testified to here by him and the doctors.] [2]

Defendant presented these points:

3. The testimony of the plaintiff is that he did not hear the sound of the approaching locomotive until it was within six or seven feet of him, although at the time of the accident his hearing was good. It is the duty of a person approaching a railroad track at a public crossing not only to stop and look, but also to listen, and the law imposes on such a person the duty not only of seeing what he ought to have seen, but of hearing what he ought to have heard. It is a matter of common experience, of which the courts take notice, that a locomotive moving over metal rails produces a noise which is audible at a considerable distance. The fact that the plaintiff swore that he did not hear the locomotive which struck him until it was only six feet from him is conclusive evidence that he did not exercise sufficient care in the performance of his duty to listen for an approaching train. *Answer:* If the plaintiff said that he did not hear the sound of the approaching locomotive until it was within six or seven feet of him, although at the time of the accident his hearing was good, then this charge in the law would be proper. The plaintiff testified in this way: He was asked, " Q. How far from you was it when you heard this noise and looked and saw it? A. From four to six feet from me." [1]

4. Under all the evidence, the verdict should be for the defendant. *Answer:* Refused. [3]

Verdict and judgment for plaintiff for $4,800. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*George Tucker Bispham*, with him *John Hampton Barnes*, for appellant, cited: Carroll v. Penna. R. R. Co., 12 W. N. C. 348; Myers v. Baltimore & Ohio R. R. Co., 150 Pa. 390.

*Clarence S. Eastwick*, with him *S. Morris Waln*, for appellee,

cited: Faust v. Phila. & Reading Ry. Co., 191 Pa. 420; Ragan v. Penna. R. R. Co., 189 Pa. 572.

OPINION BY MR. JUSTICE MESTREZAT, March 18, 1901:

John McCusker, the plaintiff, and James Reagan left the corner of Twenty-sixth and Wharton streets, in the southern part of the city of Philadelphia, a few minutes before seven o'clock on the evening of September 21, 1896, and walked east on the north side of Wharton street toward Twenty-fifth street. The defendant company has two tracks laid on Twenty-fifth street, which runs northward and southward and at right angles with Wharton street. At the time of this accident, there were no street car tracks on Wharton street, and the corner lots at the intersection of the two streets were vacant, except the sheds in the brick yard at the southwest corner. The plaintiff and his companion proceeded along Wharton street until they came to a lamp post on which was an oil lamp, where they stopped and lighted their pipes. The lamp post was thirty-nine feet from the west rail of the south-bound railroad tracks and nine feet from the end of the Wharton street footway on Twenty-fifth street. This lamp cast a light eight or ten feet from it. While here, the parties observed a passenger train going north on the eastern track. They then continued towards the railroad, and when within six or eight feet of the west track, they stopped for about a minute, and the plaintiff testifies that he listened and looked, but could hear and see nothing. Observing nothing from which danger was to be apprehended, they started to cross the railroad, the plaintiff still continuing to listen as they approached it. Three steps brought them on two planks, each about ten inches wide, running parallel with, and alongside of, each other and of the western rail. The plaintiff testifies that, as he was in the act of taking the next step, he heard a rumbling noise to his left, "and this black object came out of the dark like a flash of lightning. I made a turn to jump, and jumped away from it, and, when jumping, it struck me and threw me out on Wharton street." He was struck on the back and right side by defendant's engine running south, and severely injured. Reagan was also struck by the engine, and was killed.

When the accident occurred there were no gates at the intersection of the two streets, and no light nearer than the oil lamp

referred to.  Since the collision an electric light has replaced the oil lamp, and gates have been erected across Wharton street.

It was claimed by the plaintiff, and his evidence tended to show, that "it was a very dark, drizzling, foggy night, and had been drizzling rain partly in the afternoon;" that an object could be seen but a very short distance; that a light shifting engine of the defendant company, without cars, was running backward at a rapid speed without any light on the tank; that no signal of its approach to the crossing was given by a bell or whistle, and that it was moving on a down grade with steam shut off, from Federal street—the next and parallel street to Wharton street and almost 700 feet from it.  The accident occurred about 7 o'clock in the evening.

The trial judge in a very clear, full and accurate charge, submitted the case to the jury, and a verdict was rendered in favor of the plaintiff.  Of this charge we think the defendant company has no just cause to complain.  Under it, the jury would have been amply justified in finding for the defendant; and, having done so, the verdict should have been sustained.  Unfortunately for the appellant in this case, our duty and province is not that of the jury.

The first and third assignments of error raise the principal and controlling question in this case, and that is whether the court below erred in submitting the case to the jury.  We have briefly alluded to some of the facts of the case as the plaintiff claims the testimony establishes them.  We are aware that defendant's testimony, if believed by the jury, fully supported its contention that the collision between the locomotive and the plaintiff was not occasioned by the negligence of defendant's employees, but was attributable solely to the plaintiff's own recklessness.  But we must adhere strictly to our duty, which is, in this case, not to pass upon the credibility of the witnesses and ascertain the facts, but to determine whether there was any evidence imposing upon the defendant liability for the plaintiff's injuries.  The contention on the part of the appellant is, that had the plaintiff exercised his senses of sight and hearing, as the law requires him to do, he must necessarily have avoided the collision with the locomotive.  It is strenuously urged by the learned counsel for the defendant that the plaintiff's duty required him " to see what he ought to have seen and to hear

what he had ought to have heard ; " and that this rule prevents a recovery in the case.   In this contention, the appellant overlooks the testimony adduced by the appellee and the inferences to be drawn from it.   It tends to show that the plaintiff and his friend approached the crossing with the greatest care ; that they walked at an ordinary gait; that they did stop, look and listen at proper places ; and the plaintiff continued his precautions until the locomotive was upon him.   It is true that the plaintiff says he did not hear the noise of the approaching locomotive until it was within six or seven feet from him ; and on this fact, the defendant's counsel base their allegation that the plaintiff did not hear what he ought to have heard.   This contention, however, ignores not only the positive testimony of the plaintiff and one of his witnesses to the contrary, but the atmospheric and other conditions prevailing at the place and time of the accident.   These, as well as all the circumstances and facts disclosed by the testimony, must be taken into consideration in determining whether the plaintiff could have heard the locomotive, and hence should have refrained from attempting to cross the track.   We think that, as a matter of law, the court below could not say to the jury under the evidence in the case that the plaintiff had disregarded his duty in this respect, and that the case should have been withdrawn from the jury.

The second and remaining assignment of error relates to that part of the charge in regard to the injuries received by the plaintiff at a later accident, while the plaintiff was engaged in his ordinary employment on Haverford street.   The learned counsel for the defendant allege that the court, in effect, withdrew from the consideration of the jury the testimony on this branch of the case, and quoted a part of the charge in support of their contention.   Had they quoted all the learned judge said on the subject, they would have seen that there is no merit in this assignment.   Edward Roney, one of the defendant's witnesses, who was a builder and in whose service the plaintiff had been engaged, testified that the plaintiff's wife had called upon him to know what he intended doing by way of compensating the plaintiff for the injuries he received in the Haverford street accident.   After referring to that testimony, the learned judge said : " But the evidence on that head is so vague

that I am bound to instruct you that you cannot found upon it any fact with which to charge either one of these parties one way or the other. I do not see that it would justify your concluding that Mr. McCusker was hurt there, or that that hurt produced the symptoms which are testified to here by him and the doctors." Roney's testimony was the only testimony withdrawn from the jury. The other evidence bearing on that part of the case was submitted to the jury, and the learned judge said to them that, "You are to consider whether the present condition of the plaintiff is due to the later accident and not to the earlier accident. I will have to leave that to you." There was no error in this part of the charge.

The assignments of error are overruled and the judgment is affirmed.